JOHN BRAIN AND PETER BRAIN v. THOMAS R. SNYDER.

In an action of trespass *quare clausum fregit* before a justice of the peace, the defendant pleaded title and a right of way over the close in question. Upon such suit being brought in this court, the defendant filed six pleas. On motion to strike out pleas, it was

*Held*, that the first plea of not guilty, not being the same plea as that pleaded before the justice, must be stricken out; that the second plea of *liberum tenementum* is correct; that the fourth plea, that the *locus in quo* was a public highway, is not a plea of title, and is not good; that the third and fifth pleas, setting up a right of private way by prescription, and a right of private way by grant, if wrong, may be demurred to, but cannot be stricken out on motion; and that the sixth plea, that the *locus in quo* was a by-way, and that it had been opened by three of the chosen freeholders, does not amount to a plea of title, and must be stricken out.

In trespass.   On motion to strike out defendant's pleas.

Argued at February term, 1862, before Justices OGDEN, VREDENBURGH, and BROWN.

For plaintiffs, *A. B. Woodruff*.

For defendant, *John Hopper*.

The opinion of the court was delivered by

VREDENBURGH, J.   This is a suit originally commenced before a justice of the peace in trespass.

The defendant pleaded before the justice—first, that the trespasses complained of were by passing over a certain close, which close, for such purpose, was the close and freehold of him, the said defendant; and secondly, that, on the 1st of January, 1800, the owner of the close in which the trespasses were committed did grant to the' owner of the close under whom the defendant held by deed, now lost, a right of way over the close in question, by virtue of which he did pass over the *locus in quo*. The defendant, having also filed with the justice a bond, as required by the statute, the justice dismissed the suit.   The plaintiffs thereupon commenced

Brain v. Snyder.

this suit in the Supreme Court, and filed their declaration here in the same terms as before the justice, whereupon the defendant has come into this court and filed six different pleas. The motion is now made to strike out all these six pleas.

The first reason assigned for striking them out is, that none of them are the same as those filed before the justice.

The first plea is not guilty. As the declaration in this court is the same as that before the justice, it is clear, upon the current authorities, that it must be stricken out. 2 *Green* 471, and cases there cited.

The second plea is *liberum tenementum* generally. This is correct. 1 *Zab.* 83.

The fourth plea is, that the *locus in quo* was a public highway. This is not a plea of title of any sort. *Chambers* v. *Wambaugh*, 4 *Dutcher* 531, and cases there cited; *Campfield* v. *Johnson*, 1 *Zab.* 83, and must be stricken out.

The third plea is one of a right of private way by prescription.

The fifth plea is of a right of way by grant. If there is anything wrong in these pleas, it must be taken advantage of by demurrer, and not by motion to strike out.

The sixth plea is that the *locus in quo* was a by-way, and that it had been opened by three of the chosen freeholders. This does not amount to a plea of title, and must be stricken out. 4 *Dutcher* 309. The result is that the first, fourth and sixth pleas must be stricken out, and the third, fourth and fifth pleas will stand.

Cited in *Hawk* v. *Segraves et al.*, 5 *Vroom* 356.